## WEST INDIA OIL COMPANY, Complainant.

*v.*

## JUAN G. GALLARDO, AS TREASURER OF PORTO RICO, Dft.

San Juan, Equity, No. 1251.

ıOpinión filed June 25, 1924.

*Mr. O. B. Frazer* and *Mr. Nelson Gammans* for the complainant.

*Honorable H. P. Coats,* Attorney General of Porto Rico, and *Mr. J. A. Lopez Acosla* and *Mr. R. H. Todd, Jr.,* Assistant Attorneys General of Porto Rico, for defendant.

ODLIN, Judge, delivered the following opinion:

It would be pleasing to the writer of this opinion if he could feel himself justified in deciding this controversy in favor of the complainant. It is admitted, that, since the passage of the law under date of August, 1923, being known as Act No. 1 of

the Special Session, page 6, the complainant corporation purchased in the United States and shipped to this Island. five automobile tank trucks at a cost of something like $5,300 each, and that these trucks were for use in Porto Rico in connection with the distribution of gasolene; and it is also admitted that the complainant corporation has made its plans to purchase in the United States and ship to Porto Rico three more tank trucks to be used in the same business.

In accordance with the Excise Tax Law, enacted in the year 1923 in the regular session of the legislature of Porto Rico, known as Act No. 68, the treasurer of Porto Rico, who is the defendant in the present proceeding, called upon the West India Oil Company to pay a tax of 10 per cent ad valorem upon these tank trucks; the West India Oil Company refused to pay said tax and brought the present suit in this court, asking for an injunction to prevent the enforcement of the collection of said tax.

It is of course a great hardship upon the defendant corporation, ready and willing to pay the usual tax upon this property in Porto Rico, that they should also be required to pay an extra tax of 10 per cent upon the purchase price of these tank trucks. This law, if valid, naturally operates to require the West India Oil Company to charge more for its gasolene than it otherwise would, which means that the use of gasolene by the customers of the West India Oil Company will cost them much more money than they otherwise would have to pay. But it is a well-recognized principle, controlling Federal courts, that no act of a state legislature should be held unconstitutional unless the showing made is very clear. Of course, counsel for the West India Oil Company have argued with great ingenuity and force that the Organic Law of Porto Rico, enacted by the Congress of

the United States in the year 1917, did not empower the legislature of Porto Rico to enact the law now under consideration, which is known as the Excise Tax Law.

After careful study of the questions involved in this litigation, I find myself unable to declare that this act of 1923 is in violation of the act of Congress. It seems to me that the title of the law specifies the provisions thereof in a way that is unmistakable and clear. It is apparent that the tax complained of by the West India Oil Company is levied and collected after the taxpayer takes possession of the merchandise and when he actually uses the same, and not before. It is equally apparent that the tax which has been attacked attaches to the article after it has become part of the mass of the property in the possession of the taxpayer, and therefore ceases to be subject to the protection of the importation laws.

In other words, I would be glad if I were able to find that this law was a burden upon interstate commerce, because I state frankly that it seems to me that the law is a harsh one and an unwise one, but it is of more importance that the distinction between judicial powers and legislative powers should be kept clear and distinct and that no Federal court should disturb or upset an act of a state legislature unless satisfied beyond question that such legislature in enacting such statute has exceeded its powers.

After careful consideration of this case, it seems to me that the remedy of the West India Oil Company is first to appeal to the legislature of Porto Rico to have the Law of 1923 repealed. Failing to accomplish this, then the West India Oil Company and other corporations similarly situated and burdened by this statute should carry the matter to the Congress of the United

States. The fact that the courts deem a statute harsh and unwise is not sufficient to justify the court in upsetting such statute.

Entertaining these views, and after careful consideration of the arguments which have been submitted by counsel in this case, the only decree which I feel justified in making is that of dismissing the bill with costs. The conclusion reached by me is based very largely upon the language of Mr. Justice Pitney, who delivered the opinion of the United States Supreme Court in the Ohio tax Cases, decided in 1914, reported in 232 U. S. 576, 58 L. ed. 738, 34 Sup. Ct. Rep. 372.

To this order and opinion counsel for the West India Oil Company except.

Done and Ordered in open court at San Juan, Porto Rico this 25th day of June, 1924.